# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KRISTINA MARIE MITCHELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-54-NAB |
| | ) | |
| BUZZ WESTFALL JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Kristina Marie Mitchell for leave to commence this action without payment of the required filing fee [Doc. 2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the Buzz Westfall Justice Center, the County of St. Louis, Missouri, Jane Does 1-7 (Correctional Officers), and John Does 1-2 (Correctional Officers). Plaintiff is suing defendants in their individual and official capacities.

Plaintiff alleges that defendants violated her Fourth and Eighth Amendment rights on January 14, 2014, at the Buzz Westfall Justice Center. She summarily states that she "refused to do the strip search and was harassed by John Doe 1." She further states that "Jane Doe 6 was a nurse at the facility who initially promised she would be in the room of the strip search during and afterwards but did not go with what she had promised." Plaintiff complains that she was "forced to shower in

2

front of guards Jane Doe 1-5, and while doing so was threatened with a beat down and possible death" and that "Jane Doe[s] 1-5 all sexually and physically harassed [her], like Jane Doe 2 mocking [plaintiff's] private parts and also patting her uncomfortably on the shoulder after the harassing strip search." Plaintiff complains that Jane Doe 6 "commented about procuring [plaintiff's] DNA at an earlier false arrest in July of 2012[,] and John Doe 2 . . . harassed [her] for not sleeping." Plaintiff summarily alleges that she is of the opinion that John Doe 2 "wanted to do her harm" and that "Jane Does' 1-5 use of excessive force" violated her Eighth Amendment rights. Plaintiff states she is suing defendants for "excessive force and battery, unlawful search and seizure, unlawful arrest, unlawful entry, harassment, malicious prosecution, and indecent assault and battery."

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous as to the Buzz Westfall Justice Center, because jails and local government detention centers are not suable entities. *See Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)

3

("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992) (local jails are not "persons" under § 1983).

The complaint is also legally frivolous as to the County of St. Louis, Missouri, and all Jane and John Doe defendants in their official capacities. Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the violation of her constitutional rights, the complaint fails to state a claim or cause of action under § 1983 as to the County of St. Louis, as well as all defendants in their official capacities.

The Court will also dismiss plaintiff's individual capacity claims against the Jane and John Doe defendants as conclusory and/or as legally frivolous and for failure to state a claim or cause of action. Plaintiff's summary allegations are not entitled to the assumption of truth, and her claims do not rise to the level of constitutional violations and fail to state a claim or cause of action under § 1983.

*See* 28 U.S.C. § 1915(e)(2)(B); *Iqbal*, 556 U.S. at 677-78 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of April, 2016.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**